CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2009

JOHN F. CORCORAN/CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| BARBARA LEONE CORBIN, ) | |
| Petitioner, ) | Civil Action No. 7:09-cv-00270 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BARBARA WHEELER, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Barbara Leone Corbin, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 2004 convictions and sentence for felony murder and distribution of cocaine and oxycontin. The court finds that Corbin's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses her petition.

### I.

On November 8, 2004, after a jury in the Clarke County Circuit Court found Corbin guilty of felony murder and distribution of cocaine and oxycontin, the court sentenced her to a total of 21 years incarceration. Corbin appealed to the Court of Appeals of Virginia, which denied her appeal. Corbin then filed a petition for appeal to the Supreme Court of Virginia, which the court dismissed on March 28, 2006. Corbin did not file a petition for writ of certiorari to the Supreme Court of the United States. However, she did file a state habeas petition in the Clarke County Circuit Court on March 8, 2007, and the court dismissed her petition on February 27, 2008. Corbin appealed the circuit court's dismissal of her habeas petition; however, the Supreme Court of Virginia dismissed her appeal as improperly filed. Corbin then filed a petition for rehearing, which the court refused as untimely. Corbin filed the instant federal habeas petition on June 9, 2009. The court notified Corbin that her petition appeared to be untimely and gave her an opportunity to respond. Corbin submitted no additional argument regarding the timeliness of her petition.

### II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment

of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] In this case, the statute of limitations began to run on June 26, 2006, when her time to seek further direct review expired. However, the time during which a properly filed state habeas petition is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations clock stopped running on March 8, 2007, after approximately 253 days, when Corbin filed her state habeas petition. However, Corbin's appeal of the circuit court's dismissal of her habeas petition was not properly filed and, therefore, does not toll the statute of limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, the clock began to run again when the circuit court dismissed Corbin's habeas petition on February 27, 2008. Corbin filed her federal habeas petition on June 9, 2009, approximately 466 days after the circuit court dismissed her petition. Therefore, the time clock on Corbin's statute of limitations ran for a total of approximately 719 days before she filed her federal habeas petition. Accordingly, Corbin's petition is time-barred unless she demonstrates grounds for equitable tolling.[2] Despite being given the opportunity to amend her petition, Corbin makes no

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Corbin has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Corbin's conviction became final on June 26, 2006, 90 days after the Supreme Court of Virginia refused her appeal and when her time to file a petition for writ of certiorari to the Supreme Court of the United States expired.

[2] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C.

2

additional argument regarding the timeliness of her petition. Accordingly, the court finds that Corbin has not demonstrated any grounds for equitable tolling.

### III.

For the reasons stated, the court dismisses Corbin's petition as untimely.

**ENTER:** This 30th day of July, 2009.

_____
United States District Judge

---

§ 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).